is conceded. It is also conceded that the said grantee Abraham Wanser and his heirs have had adverse possession of the land ever since the said conveyance to him, and under it, i. e., for over 42 years. The only possible defect in the title suggested to us on the argument of the learned counsel for the purchaser at the partition sale is that some heir of Francis Oliver may not have joined in the said conveyance to Abraham Wanser (for there was difficulty in tracing and finding his heirs), and that the 20 years statute of limitations by adverse possession was and still is suspended against some infant or lunatic. That is impossible in the case of an infant. The right of action arose when Abraham Wanser took possession in 1865. Assuming that there was any heir of the said Oliver then living who did not join in such conveyance, it matters not whether he was an adult or an infant, the time limited to begin an action has expired. Where the time limited begins to run against an adult, and then he dies and the land goes by descent or devise to an infant or insane person, the latter is limited to the time which was limited to his ancestor. The disability of the heir or devisee does not extend the time. And if the cause of action accrues to an infant in the first instance, the extreme time of limitation (i. e., in the case of an infant just born) is 31 years; and the infant heirs or devisees of an infant are limited to the period limited to their infant ancestor or devisee. Disability cannot be added to disability. Messinger v. Foster, 115 App. Div. 689, 101 N. Y. Supp. 387.

This case therefore comes down to the very remote and improbable case of there being some heir of Francis Oliver who did not unite in the conveyance to Abraham Wanser, who was a lunatic when Wanser entered, and who is still alive, for the time limited is suspended during the period of disability. Code Civ. Proc. § 375. There is no reason to believe that there was such an insane heir—if indeed there is any to believe that all of the heirs did not convey. The presumption is of sanity, and there is nothing to throw doubt upon it. The mere possibility to the contrary is not enough to make the title unmarketable.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

---

KENYON PAPER CO. v. NEDERLANDSCHE LLOYDS et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1908.)

INSURANCE—REFORMATION OF POLICY—EVIDENCE.

Plaintiff's policy being about to expire, it applied to insurance brokers, correspondents with defendant, a foreign insurance company, on blanks furnished by such brokers for a renewal. The brokers wrote plaintiff's agent for a statement of the outstanding insurance in other companies. Plaintiff's agent replied, stating that the Home Insurance Company carried $10,000 on the risk. The application imported some change in describing the property, and a reduction of the premium. Thereafter the brokers sent plaintiff a binding slip, notifying plaintiff that their cable code indicated it was covered under their foreign contract to the amount

of $10,000. The policy which was thereafter delivered contained a clause in small type that the amount warranted in the Home Insurance Company's policy was $10,000. It was in fact much less. *Held*, that the policy conformed to the preliminary agreement, if any existed, and if not, the relations of the parties arose only from the policy which plaintiff accepted, and it was not entitled to reform the policy and enforce it, on the ground that the parties had agreed on a strict renewal of the old insurance on the same identical terms and conditions, and that the policy did not express the real agreement.

Action by the Kenyon Paper Company against Nederlandsche Lloyds on a fire insurance policy. Judgment for defendant.

The following is the opinion of the court below (Henry Bischoff, Judge):

In the month of March, 1902, the defendant, a corporation doing business in Holland, issued a policy of fire insurance upon certain machinery and stock of the plaintiff at Baldwinsville, N. Y. When this policy was about to expire in February, 1903, application for a renewal was made upon blanks furnished to the plaintiff by Messrs. Pollock & Cortis, a firm of insurance agents or brokers in this city who were correspondents with the defendant. On receipt of this application, Pollock & Cortis wrote the plaintiff's agent, requesting a statement of the amount of outstanding insurance upon the same property in other companies, and the names of the companies, with which request the plaintiff's agent complied, the statement being made that, among other companies named, the Home Insurance Company carried $10,000 on the risk. The application imported some change in the description of the property to be covered, and a reduction of the premium to conform to the then existing rate was suggested by an accompanying letter from the plaintiff's agent. Thereafter, on March 10, 1903, Pollock & Cortis sent, and the plaintiff's agent received, a binding slip, as follows: "We beg to notify you that our cable code indicates that you are covered under our foreign contract to the amount of $10,000 on risk of Kenyon Paper Company on machinery and stock as per form attached to application, and situate Baldwinsville, N. Y. Placed in Dutch Underwriters. With the following warrantee, Home $10,000." Some days later the policy was delivered to the plaintiff, but the instrument was not scrutinized, and after a loss by fire in the succeeding month of June it was discovered that the policy contained the following clause, stamped upon it in small type: "It is understood and agreed that the amount warranted by the policy or policies of the above named company" (referring to the Home Insurance Company, named in the preceding clause) "covering on the identical form is $10,000." Admittedly, the amount covered by the Home Insurance Company was very much less than $10,000, and if the clause in question was properly in the policy the defendant has a valid defense to any claim by the insured. Alleging that this clause was inserted through mistake, or that with its inclusion the policy did not express the actual agreement of the parties, the plaintiff seeks judgment for a reformation of the policy by striking out the clause and for the enforcement of the instrument as reformed. As I view the case, no ground for a reformation is presented. Fraud—that is, actual deceit—is not suggested, and the ground of the action is that the parties had agreed upon a strict renewal of the old insurance upon the identical terms and conditions; hence, that a policy which differed from these terms and conditions did not express the real agreement, and should be reformed. Where an actual agreement for a renewal is entered into, it is held that a policy which expresses new terms at variance with the policy deemed to be renewed may be reformed (Hay v. Insurance Co., 77 N. Y. 235, 33 Am. Rep. 607); the theory being, as is to be gathered from the discussion of that case in the reported opinion, that there was inferentially a mutual mistake, or some implied fraud on the part of the insurer, or, as might be suggested, that the relief by way of reformation is in the nature of a decree for specific performance to carry the real agreement into effect. As I have noted, there is no charge of active fraud in the present case, nor was there any mutuality of mistake, for the defendant intended the policy to be

precisely as it was framed, yet the elements of mistake or fraud were equally absent from the case above cited, and if the proof before me sufficed to establish a contract for a renewal of the old insurance, the plaintiff's case would be within that authority. But there was no meeting of the minds upon an agreement for a renewal. The plaintiff's application to renew the old insurance was but an offer which amounted to nothing unless accepted, and there was no word or sign from the defendant, or from Pollock & Cortis (assuming their agency to charge the defendant), until the binding slip was sent to the plaintiff, or to its agent. This paper was of itself a sufficient indication that a new term was to be incorporated in the policy; certainly it evidenced no acceptance of the plaintiff's application without the warranty that $10,000 insurance was covered by the Home Insurance Company. Nonacceptance of this term—a new term proposed by the defendant—meant that there was no contract of insurance at all, because the defendant had not accepted the application, but if there was any meeting of the minds upon a proposal for insurance, the warranty was certainly incorporated. Thus, quite unlike the case of Hay v. Ins. Co., supra, where there was an acceptance of the application for a "renewal" without more, the present case is one where the policy conformed to the preliminary agreement, if any agreement existed, and if there were no preliminary agreement, the relations of the parties arose only from the delivery of a policy which the plaintiff accepted, a situation which does not concern a court of equity. To grant the prayer of this complaint would call upon the court to make an agreement for the parties which the defendant never intended, and which the plaintiff was not led by the defendant to assume was intended. Carey Mfg. Co. v. Merchants' Ins. Co., 25 Misc. Rep. 18, 54 N. Y. Supp. 398; Id., 42 App. Div. 201, 59 N. Y. Supp. 7. There should be judgment for the defendant, with costs.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robinson & Robinson, for appellant.
E. P. Wheeler, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion in the court below. Order filed.

---

### PEASE PIANO CO. v. SARLES.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

APPEAL—QUESTIONS IN LOWER COURT.
    A party cannot on appeal raise objections presenting an entirely different theory from that on which the case was tried in the lower court.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1053–1069.]

Appeal from Trial Term.
Action by the Pease Piano Company against Hiram Sarles. From a judgment for defendant, plaintiff appeals. Affirmed.
Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Reno R. Billington, for appellant.
Smith Lent, for respondent.

PER CURIAM. The point upon which the appellant relies is not presented by any exception and was not raised below. The case